872

COLEGIO DE ABOGADOS DE PUERTO RICO, querellantes, *v.* LCDOS. JUAN E. SANTANA SUÁREZ, NORAH H. LÓPEZ TIRADO, EUGENIO CORNIER, JOSÉ E. BENGOA TORO, RAMÓN J. VIÑAS, LUIS RAMIÚ CORA, ARIEL L. MÉNDEZ, OSCAR CIRILO BURGOS DELGADO, LUIS RADAMÉS COLLAZO SAINZ, ANTONIO REYES DELGADO, PEDRO OTERO FERNÁNDEZ, HERNÁN LONGORIA, SAMUEL E. PAGÁN AYALA, JORGE MEAUX DÁVILA, MIGUEL O. BAUZÁ TORRES, EFRAÍN RIVERA MALDONADO, JOSÉ R. VÁZQUEZ DEYNES, ROCA IRIZARRY NIEVES, JORGE ARROYO FERNÁNDEZ, ANÍBAL FLORES BETANCOURT, querellados.

*Números:* O-80-198    *Resueltos:* 17 de junio de 1980
O-80-201

*Ángel L. Tapia Flores*, Presidente del Colegio de Abogados de Puerto Rico, abogado del querellante; *Juan E. Santana Suárez, Hernán Longoria Quiñones, Luis Ramiú Cora, Ariel L. Méndez, Ramón J. Viñas* y *Jorge Arroyo Fernández, pro se.* Los demás querellados no comparecieron.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

Contra los abogados de epígrafe, el Colegio de Abogados de Puerto Rico, en varias ocasiones, ha gestionado infructuosamente su comparecencia ante la Comisión de Ética para conocer y dilucidar los méritos de unas quejas.

I

Esta gestión la realiza el Colegio de Abogados en virtud de lo dispuesto en el Art. 3, inciso (g), de la Ley Orgánica, Ley Núm. 43 de 4 de mayo de 1932, según enmendada, que le encomienda:

". . . recibir e investigar las quejas que se formulen respecto a la conducta de los miembros en ejercicio de la profesión, pudiendo remitirlas a la Junta de Directores para que actúen, y después de una vista preliminar, en la que se dará oportunidad al interesado, si encontrara causa fundada instituir el correspondiente procedimiento de desaforo ante la Corte Suprema de Puerto Rico. Nada de lo dispuesto en este apartado se entenderá en el sentido de limitar o alterar la facultad del Procurador General de Puerto Rico para iniciar por su propia cuenta estos procedimientos." 4 L.P.R.A. sec. 773 (g).

Ante nos el Colegio alega que los abogados "incumplieron en su deber de estar prestos a afrontar cualquier procedimiento de desaforo, al no comparecer, ni ofrecer excusa que justificara su incomparecencia a las vistas ante la Comisión de Ética del Colegio de Abogados. Esta conducta entendemos que de por sí es una conducta impropia y viola los Cánones de Ética Profesional; constituyendo, una falta de respeto a la Comisión de Ética y al Colegio de Abogados de Puerto Rico".

En apoyo de esta contención, cita nuestros pronunciamientos expuestos en *In re Díaz García*, 104 D.P.R. 171, 174 (1975), en el sentido de que los abogados tenemos el deber de "estar presto[s] a afrontar [cualquier] procedimiento de desaforo sin ulteriores dilaciones innecesarias";

y, además, el exhordio contenido en el Preámbulo de los Cánones de Ética de que todo abogado "esté consciente de la importancia de evitar aun la apariencia de conducta impropia" y "tenga un compromiso solemne e inquebrantable, no sólo de conducir su propia persona de acuerdo con los anteriores principios y los que siguen, sino también de velar porque la conducta de sus compañeros de profesión se rija igualmente por dichas exigencias". Finalmente, el Colegio reclama que la indebida conducta de los querellados es injustificada e impropia y constituye una violación a los Cánones de Ética Profesional, una falta de respeto a la Comisión de Ética, al Colegio de Abogados de Puerto Rico y a los principios rectores de nuestra profesión.

## II

Para el mejor entendimiento de la dimensión de este asunto debemos tener presente varios aspectos: primeramente, para la ordenación de las labores de la Comisión de Ética, la Junta de Gobierno del Colegio adoptó el 17 de enero de 1970, el Reglamento que rige el procedimiento a seguirse sobre el trámite de querellas. En lo pertinente reza:

"1. Toda querella deberá presentarse en cualquier forma pero por escrito y deberá exponer hechos suficientes que constituyan, prima facie, una violación a algún canon de ética profesional.

2. Cuando el querellante fuere un abogado, señalará el canon o los cánones de ética que se alegan violados.

3. Cuando la Comisión considere que una querella expone una conducta profesional que podría constituir una violación a algún canon de ética, el Secretario remitirá copia de la misma al colegiado querellado dándole un término de veinte (20) días a partir de la fecha de su notificación para que, *de desearlo el querellado* exponga lo que estime pertinente en cuanto a los hechos envueltos en la querella.

4. Copia de la contestación del querellado le será notificada por la Comisión al querellante, quien tendrá un término de diez

(10) días a partir de la fecha de su notificación para aclarar, aceptar o negar cualquier hecho nuevo que contenga la misma. La Comisión no considerará hechos nuevos alegados en la réplica.

5. *Si el querellado no contestare dentro del término concedídole, la Comisión determinará la conveniencia de someter un informe a la Junta de Gobierno del Colegio de Abogados conteniendo las observaciones y recomendaciones que crea pertinentes al caso.*

6. Una vez recibida la contestación del querellado y el segundo escrito del querellante, la Comisión determinará si procede o no oír las partes, bien ante la Comisión en pleno, ante una subcomisión, o ante un solo miembro actuando como examinador. Tanto la subcomisión como el examinador deberán rendir un informe a la Comisión sobre sus conclusiones luego de oídas las partes. En las vistas que se celebren no serán de rigurosa aplicación las Reglas de Evidencia que se aplican en los tribunales de Puerto Rico. Dichas vistas serán de carácter privado, salvo aquellas que por disposición expresa de la Junta de Gobierno o a petición del querellado deban ser de carácter público." (Art. V, énfasis suplido.)

■ Observamos, pues, que el proceso para atender las quejas no contempla una comparecencia *compulsoria* de parte del abogado concernido. Por el contrario, el lenguaje utilizado refleja indubitadamente que tal comparecencia está concebida en términos opcionales, a saber, "de desearlo el querellado".

Consciente de esta limitación, la Comisión, en su comunicación a todos los abogados involucrados, consignó que el plazo concedido para comparecer en cada caso, sería "improrrogable". Además indicó:

"Le apercibimos que esta Comisión ha resuelto, por unanimidad, que independientemente de la conducta profesional que motivó la querella, su reiterado y obstinado comportamiento ignorando la autoridad de esta Comisión de Ética, *representa de por sí una violación a los Cánones de Ética Profesional* y por ende nos proponemos hacer buena la confianza que este Colegio de Abogados ha depositado en nosotros como custodios de la Ética de todos los abogados. . . ."

## III

Aunque la ley orgánica del Colegio de Abogados, antes citada, le faculta adoptar reglas de conducta profesional, no debemos olvidar que dicho estatuto reconoce el carácter exclusivo y eminentemente judicial que sobre dicha materia posee este foro al disponer expresamente que tales cánones regirán "con la aprobación del Tribunal Supremo". En *In re Vélez*, 103 D.P.R. 590, 597 (1975), caracterizamos esta función como "indelegable", y en *In re Bosch*, 65 D.P.R. 248, 251 (1945), advertimos que de nuestras decisiones no podía inferirse que habíamos "cedido al Colegio el control de los miembros de nuestro foro". También hemos de reconocer que en *In re Díaz García*, supra, significamos el deber del abogado de afrontar sin dilaciones "[cualquier] procedimiento de desaforo", inyectándole contenido ético adicional a la visión del profesional jurídico.

## IV

■ La dificultad de la posición del Colegio en que consideremos la incomparecencia de los abogados de epígrafe como "una violación a los Cánones de Ética Profesional" sujeta a una *inmediata* sanción disciplinaria es que el reglamento vigente que rige a la Comisión, no visualiza la asistencia con carácter obligatorio, sino de índole voluntaria, "de desearlo el querellado". En este aspecto, no habiéndose enmendado expresamente dicho Reglamento para *exigir* la comparecencia personal o escrita del abogado objeto de la queja—según el deber impuesto en *In re Díaz García* para querellas en proceso *ante este Tribunal*—ello representaría una acción drástica. Procede que nos abstengamos *en esta etapa* de los procedimientos de imponer medidas correctivas. Basta por el momento el ejercicio de nuestra jurisdicción con una orden dirigida a los abogados de epígrafe, para que dentro del

término de 45 días procedan a comparecer por escrito o personalmente ante la Comisión de Ética del Colegio de Abogados. Entendemos que, transcurrido dicho término, la institución queda en libertad de pasar juicio sobre si existe "causa fundada [para] instituir el correspondiente procedimiento disciplinario ante este Tribunal con o sin el beneficio de dicha comparecencia".

*Se dictará sentencia al efecto.*

El Juez Asociado Señor Martín emitió opinión disidente.

—O—

Opinión disidente del Juez Asociado Señor Martín.

San Juan, Puerto Rico, a 17 de junio de 1980

Dispondría de las querellas sometidas por el Colegio de Abogados de Puerto Rico contra un número de abogados en los casos consolidados O-80-198 y O-80-201, devolviéndolas al Colegio para que éste considere dichas querellas conforme al reglamento de la Comisión de Ética del Colegio que rige el procedimiento a seguir en el trámite de querellas, a saber:

1. La Comisión de Ética remitirá copia de la querella al colegiado querellado, si expusiere hechos suficientes que constituyan, prima facie, una violación a algún canon de ética profesional, *concediéndole veinte (20) días para que, de desearlo el querellado*, exponga lo que estime pertinente en cuanto a los hechos imputádosle.

2. De contestar el querellado, deberá la Comisión notificar copia de la contestación al querellante, concediéndole el término reglamentario de diez (10) días para exponer lo que crea menester. Luego de recibida la exposición del querellante contra la contestación del querellado, la Comisión determinará si celebra vista en la forma dispuesta por el reglamento.

3. Si la Comisión decidiese oír a las partes, deberá citarlas para vista, advirtiéndoles si es pública o privada.

4. Sin embargo, de *no* contestar el querellado, la Comisión determinará la conveniencia de someter un informe a la Junta de Gobierno del Colegio con las recomendaciones pertinentes.

Del expediente ante nos surge que los abogados querellados fueron notificados por la Comisión de Ética con copia de las querellas presentadas contra ellos; (1) que les fue concedido el término reglamentario para exponer sus comentarios sobre los hechos contenidos en la querella; que fueron notificados con copia del reglamento interno de la Comisión que rige el trámite de querellas y que las contestaciones que presentaran les serían enviadas a los querellantes.

Habiendo transcurrido el plazo concedídoles sin que hubiesen contestado la querella, fueron advertidos que de no contestar dentro de la prórroga que les concedía, la Comisión habría de someter los casos a la consideración de la Junta de Gobierno. Ante la inacción de los querellados, la Comisión les concedió oportunidades adicionales para comparecer, con la advertencia de que habría de someter las querellas a la Junta de Gobierno de no oír de los querellados.

El expediente revela que las querellas fueron traídas ante la consideración de la Junta de Gobierno, sin haberlas dilucidado la Comisión en sus méritos, y sin haber rendido un informe en cuanto a ellas, todo ello sin observar su propio reglamento.

Sólo surge del escrito del Colegio presentado ante nos que la Comisión de Ética solicitó de la Junta de Gobierno la iniciación de un procedimiento para disciplinar a los abogados querellados por no haber formulado contestación

---

(1) Algunas de las querellas se originaron hace 4 ó 5 años. No puedo abstraerme de la preocupación que genera el que la Comisión de Ética tenga bajo su consideración, por términos indefinidos, quejas que penden sobre abogados, sin que tomen alguna acción afirmativa para resolverlas.

a las querellas notificádasles, sin mediar razón que justifique su incomparecencia ante la Comisión de Ética.

Comoquiera que el propio reglamento interno del Colegio de Abogados que rige la Comisión de Ética no hace obligatoria la contestación de la querella por el querellado, y establece el procedimiento a seguir en cuanto al querellado que no desea contestar la querella, y aún más le advierte de las consecuencias de no contestar, es deber de la Comisión determinar "la conveniencia de someter un informe de la Junta de Gobierno conteniendo las observaciones y recomendaciones que crea pertinentes al caso".

Es evidente que el informe a que se refiere el reglamento trata de los méritos de la querella presentada y no a la opción que tiene el querellado de no hacer alegación alguna en cuanto a los hechos. A lo sumo, la Comisión puede entender en determinado caso que la negativa de contestar implica una aceptación de los hechos contenidos en la querella, y debe actuar conforme a ello.

Es forzoso concluir, en vista de lo expuesto, que el Colegio de Abogados no se ha ajustado al procedimiento que provee la ley y el reglamento aprobado para su ejecución. Es, por tanto, prematura la comparecencia del Colegio ante este Tribunal para solicitar medidas disciplinarias.

La facultad del Colegio de Abogados "para recibir e investigar las quejas que se formulen respecto a la conducta de los miembros en ejercicio de la profesión" surge de la ley que crea dicho Colegio. 4 L.P.R.A. sec. 771 *et seq.*, esp. sec. 773. Puede instituir el correspondiente procedimiento de desaforo ante el Tribunal Supremo, si encontrara causa fundada para ello luego de la celebración de una vista preliminar en la que se dará oportunidad al interesado para comparecer. *Id.*, sec. 773. El procedimiento dentro del Colegio de Abogados está regido por el reglamento de la Comisión de Ética Profesional del

Colegio aprobado en 17 de enero de 1970. Ya hemos dicho antes que el propio reglamento no obliga al abogado a contestar la queja.

El Tribunal Supremo no tiene jurisdicción sobre el procedimiento allí instituido, hasta tanto se interponga ante él el correspondiente procedimiento de desaforo conforme lo provee la ley. (2) El Colegio, por tanto, no puede acudir ante este foro en solicitud de auxilio para realizar sus procedimientos internos, y mucho menos cuando su reglamento no exige contestación. La actuación del Tribunal hoy lo convierte en un brazo auxiliar del Colegio de Abogados, y más aún, representa una actuación que no tiene cabida en ley y ni siquiera en su facultad inherente para entender en quejas y querellas respecto a la conducta de los abogados. Equivale a un auxilio de jurisdicción sin tener jurisdicción sobre la queja instada. Ni siquiera conocemos la naturaleza de la queja. El paso que da el Tribunal es inaudito, no importa la laudable función del Colegio de Abogados, autorizada por ley, al tomar la iniciativa de investigar quejas en relación con la conducta de sus miembros. Por tal iniciativa merece plácemes de este Tribunal.

La fragilidad de la orden del Tribunal al requerir a los abogados que respondan ante el Comité de Ética del Colegio de Abogados quedará al descubierto en el evento de que su orden sea desacatada, puesto que, a mi juicio, el Tribunal no tiene facultad para dictarla en las circunstancias de este caso.

Devolvería al Colegio de Abogados las querellas objeto de este recurso para que continúe hasta su conclusión final el procedimiento establecido por ley y por reglamento sobre las quejas presentadas respecto a la conducta de los

---

(2) Este Tribunal entiende, además, en torno a las quejas sobre conducta profesional que se presentan ante nos y las procedentes de investigaciones realizadas por el Procurador General. Regla 13 del Reglamento del Tribunal Supremo.

abogados en ejercicio de su profesión. 4 L.P.R.A. sec. 773(g); Reglamento de la Comisión de Ética Profesional del Colegio de Abogados, aprobado el 17 de enero de 1970.