EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  | |
|---|---|
| In re:<br><br>    Ruth Miriam Pérez Maldonado | Queja<br><br>2004 TSPR 49<br><br>161 DPR _____ |

Número del Caso: AB-2002-319

Fecha: 29 de marzo de 2004

Oficina del Procuradora General:

                        Lcda. Yvonne Casanova Pelosi
                        Procuradora General Auxiliar

Colegio de Abogados de Puerto Rico:

                        Lcdo. Ángel N. Candelario Cáliz
                        Oficial Investigador

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Ruth Miriam Pérez Maldonado          AB-2002-319

RESOLUCION

San Juan, Puerto Rico, a 29 de marzo de 2004.

El Tribunal de Primera Instancia, Sala Superior de Ponce, Sección de menores emitió Orden el 14 de octubre de 2002, en el caso Juvenil número J2002-498 dirigida a la Secretaria de ese Tribunal para que procediere a transcribir lo acontecido durante la vista celebrada el 7 de octubre de 2002, en relación a la discusión de mociones presentadas por las partes el 4 y 7 de octubre de 2002. Una vez realizada la referida trascripción ordenó, además, se unieran copias de las referidas mociones, y se elevaran esos

documentos a este Tribunal, según solicitado por el licenciado Luis A. Burgos Colón.[1]

El 21 de febrero de 2003 referimos copia de la Orden emitida por el Tribunal de Primera Instancia, junto a los documentos antes indicados, al Procurador General para que dentro del término de sesenta (60) días investigara e informara a este Tribunal lo que fuera menester.

El 12 de marzo de 2003 el Procurador General presentó "Moción Informativa" a este Tribunal. Solicitó su inhibición y relevo de la representación del Estado en este asunto, por haberse solicitado ante el Tribunal de Primera Instancia la descalificación y la imposición de sanciones a la Procuradora de Menores, licenciada Pérez Maldonado por unas alegadas amenazas, conducta insultante y ofensiva al abogado del menor. Entiende el Procurador General que su gestión al investigar este asunto resulta en una incompatibilidad con

---

[1] Los hechos que dan lugar a que el Tribunal de Primera Instancia, Sala Superior de Ponce, Sección de Menores ordenara la elevación de este asunto a esta Curia son vertidos el 7 de octubre de 2002 durante la celebración de la vista adjudicativa en el caso Pueblo de PR en interés del menor E.B.C., querellas número J2002-498 y J2002-499. A dicha vista compareció el menor de edad acompañado de su madre, señora Iris Camacho. No obstante, en vista de que esta última sería utilizada como testigo de defensa, compareció la trabajadora social señora Marylin García para suplirle capacidad al menor. En representación del menor compareció el estudiante de derecho, señor Enrique Acosta Pumarejo asistido por el licenciado Luis A. Burgos Colón, profesor de la Clínica de Asistencia Legal de la Escuela de Derecho de la Pontificia Universidad Católida de Ponce, Puerto Rico. La Oficina de los Procuradores de Menores estuvo representada por la licencida Ruth Miriam Pérez Maldonado. El licenciado Burgos Colón alegó que la Procuradora de Menores licenciada Pérez Maldonado le dirigió mediante un escrito presentado ante el Tribunal de Primera Instancia una serie de ataques e inuendos. Alega que le imputó conducta irresponsable, irrespetuosa, arrogante, de faltar a la verdad, de actuar en forma maliciosa, mezquina, con artimañas, y en violación a toda ética profesional.

sus funciones al intervenir en un procedimiento disciplinario en que la parte querellada es un miembro del Ministerio Público. El 16 de mayo de 2003 emitimos Resolución posponiendo su consideración hasta que finalizaran los procedimientos pendientes ante el Tribunal de Primera Instancia. Le ordenamos al Procurador General que nos mantuviera informados sobre el status del caso pendiente ante el foro primario.

El 5 de junio de 2003 el Procurador General compareció por escrito ante nos y nuevamente solicitó su inhibición y relevo de representación del Estado. El 27 de junio de 2003 emitimos Resolución refiriendo el asunto al Colegio de Abogados de Puerto Rico para que realizara investigación y nos rindiera un informe. El 15 de octubre de 2003 emitimos otra Resolución concediendo término de veinte (20) días al Colegio de Abogados para informar a este Tribunal las gestiones realizadas para dar cumplimiento a nuestra Resolución del 27 de junio de 2003.

El 5 de noviembre de 2003 el Colegio de Abogados presentó ante nos, escrito titulado "Moción de Cumplimiento de Orden" mediante el cual nos informó que el trámite de la "queja" presentada estaba pendiente de réplica del querellante a la contestación a la misma. El 14 de noviembre de 2003 emitimos Resolución y tomamos conocimiento del contenido de ese escrito.

El 3 de febrero de 2004 el Colegio de Abogados de Puerto Rico presentó ante nos escrito titulado "Moción Informativa sobre Estado Procesal de la Queja" mediante el cual nos informó que el 9 de diciembre de 2003 la Comisión

de Ética del Colegio de Abogados decretó el archivo de la "queja" "porque el promovente dejó de cumplir con los trámites dispuestos en el Reglamento de la Comisión de Ética". Nos informó, además, que el 12 de diciembre de 2003 su Comisión de Ética le notificó a las partes del archivo de la "queja" y de su derecho a solicitar reconsideración de tal determinación en un término de treinta (30) días. Nos indica que la determinación de archivo de la "queja" tomada por la Comisión de Ética del Colegio de Abogados es final y firme.

## II

El Colegio de Abogados de Puerto Rico tiene como una de sus obligaciones recibir e investigar las quejas que se formulen respecto a la conducta de los miembros en ejercicio de la profesión, para lo cual podrá ejercitar los poderes y facultades que le confiere la ley, y sujeto al procedimiento que allí se establece.[2]

El Artículo 2-A de la Ley Núm. 43, aprobada el 14 de mayo de 1932, según enmendada,[3] dispone lo siguiente:

> (a) Al recibir e investigar las quejas que se formulen respecto a la conducta de los miembros en el ejercicio de la profesión, el Colegio de Abogados, su Junta de Gobierno, su Comisión de Ética o el organismo del Colegio en quien este delegue, quedan facultados para tomar juramentos y declaraciones y

---

[2] Artículo 2(g) de la Ley Núm. 43, según enmendada, 4 L.P.R.A. sec. 773.

[3] Ley Núm. 46, aprobada el 27 de junio de 1986, 4 L.P.R.A. sec. 773 a.

para obligar a la comparecencia de testigos o querellados y a la presentación de libros, cartas, documentos, papeles, expedientes y todos los demás objetos que sean necesarios para un completo conocimiento de la queja investigada.

(b) Toda citación requiriendo al querellado o a un testigo para que comparezca ante el Colegio de Abogados, su Junta de Gobierno, su Comisión de Ética o el organismo del Colegio en quien este delegue, con el propósito de declarar o de producir o entregar documentos, o para ambas cosas, podrá ser expedida por el Presidente del Colegio de Abogados, por el Presidente de la Comisión de Ética o por el Presidente del organismo del Colegio designado para la investigación de la queja.

(c) Dicha citación contendrá un requerimiento dirigido al querellado o testigo para que comparezca en el día, hora y lugar determinados y, en caso necesario, con los documentos que se interesen. La citación indicara si la comparecencia tendrá lugar ante el Colegio de Abogados, ante la Junta de Gobierno, ante la Comisión de Ética o ante el organismo del Colegio designado para la investigación y llevará la firma del funcionario que haya expedido la misma.

(d) La citación será diligenciada por cualquier persona que sea mayor de dieciocho (18) años de edad, que sepa leer y escribir y que no sea parte ni tenga interés en la queja objeto de investigación.

La certificación jurada de la persona encargada de presentar la citación de haber ella entregado una copia de la misma al querellado o testigo, indicando el nombre de la persona que recibió la citación, la fecha y el lugar en que se entregó la misma, constituirá prueba de la presentación.

Se pagará a requerimiento del testigo, honorarios y gastos de viaje, una suma a la que, con arreglo a las

leyes, se satisfaría en circunstancias análogas a un testigo citado para comparecer ante el Tribunal de Primera Instancia.

(e) Cuando una persona citada de acuerdo con lo dispuesto en esta sección, no comparezca a testificar o no produzca los libros, papeles, récords o documentos o cuando rehusare contestar o hiciere manifestación falsa, a sabiendas, en contestación a cualquier pregunta relacionada con la investigación de una queja que se formule respecto a la conducta de un miembro del Colegio de Abogados en el ejercicio de su profesión, el Presidente del Colegio, la Junta de Gobierno, el Presidente de la Comisión de Ética o el Presidente del organismo del Colegio designado para la investigación de dicha queja podrá solicitar la ayuda del Tribunal de Primera Instancia de Puerto Rico para requerir la asistencia y la declaración del querellado o del testigo y la producción y entrega de los documentos solicitados en la investigación.

(f) El Presidente del Colegio, la Junta de Gobierno, el Presidente de la Comisión de Ética o el Presidente del organismo del Colegio designado para la investigación de la querella con el propósito de invocar la ayuda del Tribunal de Primera Instancia de Puerto Rico podrá referir a la consideración del Secretario de Justicia la citación, quien en consideración a los meritos de la misma, acudirá ante el tribunal en solicitud de que se emita la orden de comparecencia a los fines indicados en el inciso (e).

(g) Radicada la petición ante el Tribunal de Primera Instancia de Puerto Rico dicho Tribunal expedirá una citación requiriendo y ordenando al testigo o al querellado para que comparezca, declare o para que produzca la evidencia y documentos solicitados, o para ambas cosas, ante el Colegio de Abogados, ante la Junta de Gobierno, ante la Comisión de Ética o ante el organismo del Colegio designado para la investigación de la querella. Cualquier desobediencia de la orden dictada por el

tribunal será castigada por este como un desacato civil.

(h) Toda persona que habiendo prestado testimonio bajo juramento, hiciera una manifestación falsa, a sabiendas, incurrirá en el delito de perjurio y estará sujeta a las penalidades que señala la sec. 4421 del Titulo 33.

(i) El Colegio de Abogados, su Junta de Gobierno, la Comisión de Ética o el organismo del Colegio designado para investigar la queja deberá celebrar una vista en la que se citará al querellado a comparecer y se le garantizará el debido procedimiento de ley.

(j) Si luego de la investigación realizada por el Colegio de Abogados, su Junta de Gobierno, la Comisión de Ética o el organismo del Colegio designado para investigar la queja, se encontrare causa fundada, el Presidente del Colegio de Abogados con el mandato de su Junta de Gobierno, solicitará del Tribunal Supremo que inicie una investigación sobre la conducta profesional del abogado investigado.

(k) El informe de la investigación realizada por el Colegio de Abogados, por su Junta de Gobierno, por la Comisión e Ética o por el organismo del Colegio designado para investigar la querella respecto a la conducta de los miembros en el ejercicio de la profesión, presentado ante el Tribunal Supremo con la querella o solicitud de separación contra un abogado, será suficiente para que el Tribunal Supremo pueda proceder a la ventilación de la misma. El Tribunal Supremo conferirá al informe el mismo tratamiento que si la querella hubiese sido investigada por el Procurador General o por la Administración de los Tribunales de acuerdo a las disposiciones de la Regla 13, inciso (g) del Tribunal Supremo, Apéndice I-A de este título.

(l) Nada de lo dispuesto en esta sección se entenderá en el sentido de limitar la facultad del Procurador General de Puerto Rico para iniciar por su propia cuenta estos procedimientos, ni de limitar la facultad del Tribunal

Supremo de Puerto Rico para ordenar investigaciones adicionales sobre este tipo de querellas.

La Regla 14(g) de nuestro Reglamento[4] dispone lo siguiente:

(g) El Procurador General podrá motu proprio presentar querellas contra cualquier abogado(a) o notario(a), como también podrá hacerlo el Colegio de Abogados de Puerto Rico. Una vez presentada, se le dará el mismo trato que si hubiese sido formulada por orden del tribunal.

El 27 de junio de 1986 se aprobó la Ley número 46 para enmendar el apartado (g) del Artículo 2 y adicionar el Artículo 2-A a la Ley número 43 de 1932, según enmendada, que creó el Colegio de Abogados de Puerto Rico, a fin de conceder a esa institución facultades adicionales para investigar las quejas que se formulen ante sí respecto a la conducta de sus miembros en el ejercicio de la profesión de abogado. Su exposición de motivos reza de la forma siguiente:

En los últimos años ha sido motivo de honda preocupación para la clase togada, para el Colegio de Abogados y para la ciudadanía la recurrencia cada vez mas frecuente de procedimientos criminales y civiles instados contra abogados a quienes se les acusa de violar las leyes del país. La comisión de actos delictivos por parte de abogados que violan las leyes valiéndose del prestigio y el conocimiento legal que les provee la profesión, empañan la imagen del abogado y estimulan en la ciudadanía una actitud de menosprecio hacia el sistema de justicia.

Actualmente la Comisión de Ética del Colegio de Abogados es uno de los organismos que, a tenor con las facultades reconocidas al Colegio de Abogados por la Ley Núm. 43 del 14 de mayo de 1932, según enmendada, lleva a

---

[4] 4 L.P.R.A. Ap. XXI-A, R. 14 (g).

cabo la investigación de quejas que se formulen respecto a la conducta de los miembros en el ejercicio de la profesional legal.

En los últimos años la Comisión de Ética se ha visto limitada en sus funciones de investigación por carecer de la facultad de requerir, mediante apercibimiento de desacato, la presencia de testigos y la presentación de documentos ni para tomar juramentos y recibir testimonios al investigar las quejas contra la conducta profesional de los abogados.

En el caso <u>Col. de Abogados v. Santana Suárez</u>, 109 D.P.R. 872 (1980) el Tribunal Supremo de Puerto Rico indicó: "La dificultad de la posición del Colegio en que consideremos la incomparecencia de los abogados de epígrafe como una violación a los Cánones de Ética Profesional sujeta a una inmediata sanción disciplinaria es que el reglamento vigente que rige a la Comisión, no visualiza la asistencia con carácter obligatorio, sino de índole voluntaria, de desearlo el querellado. En este aspecto, no habiéndose enmendado expresamente dicho reglamento para exigir la comparecencia personal o escrita del abogado objeto de la queja según el deber impuesto en In re Díaz García para querellas en proceso ante este Tribunal ello representaría una acción drástica".

Ante esta situación, es indispensable la aprobación de la presente medida que provee medios efectivos para que el Colegio de Abogados pueda llevar a cabo las facultades consagradas en su Ley Orgánica de investigar quejas que se formulen respecto a la conducta de los miembros en ejercicio de la profesión, concediéndole al Colegio de Abogados los mecanismos de citación compulsoria de testigos, de requerir la presentación de documentos y de tomar juramentos y recibir testimonio.[5]

Hemos expresado que la Ley Orgánica del Colegio de Abogados de Puerto Rico, Ley número 43, *supra* le otorga al Colegio de Abogados como función básica, referente a la

---

[5] 4 L.P.R.A. sec. 773 (f).

conducta profesional la facultad para recibir e investigar las quejas que se formulen respecto a la conducta de los abogados admitidos al ejercicio de la profesión en Puerto Rico. Puede remitirlas a la Junta de Directores para que, después de una vista en la que el querellado se le de la oportunidad de ser oído, de hallarse causa probable, instituya el correspondiente procedimiento de desaforo ante el Tribunal Supremo.[6]

Nos reiteramos en que cualquier acción disciplinaria contra un abogado por conducta impropia, en violación a los Cánones de Ética Profesional le compete única y exclusivamente al Tribunal Supremo de Puerto Rico. Se trata de una función inherente de este Tribunal. Es una que esta Curia no comparte con funcionario u organismo alguno.[7]

La Comisión de Ética del Colegio de Abogados archivó la investigación que estaba realizando, por instrucciones de este Tribunal, porque el supuesto promovente dejó de replicar a la contestación de lo que consideró como una "queja", presentada ante sí. El procedimiento disciplinario pendiente ante nos se inicia con la elevación a este Tribunal de una orden dictada por el Tribunal de Primera Instancia que alegadamente refleja una conducta inapropiada de una Procuradora de Menores.

Concluimos, que el Colegio de Abogados de Puerto Rico no tiene bajo el ordenamiento jurídico vigente facultad alguna para archivar un procedimiento disciplinario iniciado ante

---

[6] Colegio de Abogados v. Schneider, 117 D.P.R. 504 (1986).

[7] Metrop. de Préstamo. v. López de Victoria, 141 D.P.R. 844 (1996).

este Tribunal y referido a esa institución para que realizara una investigación y nos rindiera un informe. Erró al así hacerlo. Tal determinación es inoficiosa y no tiene efecto legal alguno.

### III

Por todo lo cual ordenamos al Colegio de Abogados que concluya su investigación y nos rinda el informe correspondiente, con sus recomendaciones, a tenor con nuestra Resolución del 27 de junio de 2003.

Notifíquese por telefax y por la vía ordinaria.

Publíquese.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López archivaría sin ulterior trámite la queja presentada. La Jueza Presidenta señora Naveira Merly y el Juez Asociado señor Fuster Berlingeri no intervinieron.


                           Patricia Otón Olivieri
                        Secretaria del Tribunal Supremo