*In re* JOSÉ A. AÑESES.

*Números:* MC-85-69 *Resueltos:* 31 de marzo de 1986
5102
A-85-7

*Govén D. Martínez Surís, Director de Inspección de Notarías,* querellante.

 PER CURIAM: En *In re Freytes Mont,* 117 D.P.R. 11, 13 (1986), expresamos:

> Como es sabido, este Tribunal tiene poder inherente para reglamentar la profesión de abogacía en Puerto Rico. *In re Díaz Alonso, Jr.,* 115 D.P.R. 755 (1984). En el pasado hemos resuelto que "la 'naturaleza pública de que está revestida la profesión de abogado reclama de éste estricta observancia de los requerimientos de los tribunales' ", *In re Pagán Ayala,* 115 D.P.R. 814, 815 (1984), y que procede la suspensión provisional del ejercicio de la abogacía de un abogado que incurre en una "indebida, irrazonable e inexcusable tardanza" al contestar una querella radicada por el Procurador General de Puerto Rico, por cuanto la misma es "indicativa de una falta de respeto hacia los procedimientos" de este Tribunal. *In re Díaz García,* 104 D.P.R. 171, 174 (1975).

La conducta del aquí querellado no se ha limitado a una "indebida, irrazonable e inexcusable tardanza" al contestar una querella o un requerimiento de este Tribunal. La conducta observada por el licenciado Añeses Peña no sólo equivale a una actitud de total y absoluto desprecio por las órdenes que emite este Tribunal, sino que, inclusive, puede ser una constitutiva de delito público. Veamos.

*En el Caso Núm. 5102,* sobre deficiencia notarial, emitimos el día 2 de mayo de 1985 una resolución, la cual, en lo pertinente, lee como sigue:

Mediante memorando del Director de Inspección de Notarías de fecha 6 de marzo de 1985 se nos informó que el notario Lcdo. José A. Añeses Peña no rinde índices notariales desde el 11 de marzo de 1984, en violación de lo dispuesto en la Ley Notarial, 26 L.P.R.A. sec. 1026.

*Por resolución de 20 de marzo de 1985 concedimos a dicho notario un plazo de quince días para rendir dichos índices y mostrar causa por la cual no deba ser suspendido del ejercicio del notariado.*

Dicha resolución fue notificada al referido notario por conducto de su secretaria mediante entrega que le hizo el Alguacil de este Tribunal Sr. Luis F. Castro en su oficina, apartamiento 201 del Condominio Olimpo Plaza, el 26 de marzo de 1985 a las 2:13 p.m. *No obstante, el Lcdo. José A. Añeses Peña ha hecho caso omiso de nuestra resolución.*

En consecuencia, *se decreta la separación del Lcdo. José A. Añeses Peña de sus funciones notariales, y se le suspende como abogado hasta que a juicio de este Tribunal haya acreditado debidamente haber rendido los índices notariales y haya ofrecido excusas aceptables por su desatención de nuestra resolución de 20 de marzo de 1985.* El Alguacil de este Tribunal procederá de inmediato a incautarse de los protocolos y obra notarial del mencionado notario. Notifíquese al Colegio de Abogados, al Secretario de Estado y al Secretario de Justicia de Puerto Rico, al Director Administrativo de los Tribunales y al Juez Administrador del Centro Judicial de San Juan.

Lo acordó el Tribunal y certifica la Secretaria General. (Énfasis nuestro.)

El licenciado Añeses Peña, no obstante rendir los índices notariales requeridos, no compareció ante el Tribunal a ofrecer una explicación relativa a "su desatención de nuestra resolución de 20 de marzo de 1985". En su consecuencia, la suspensión temporal del ejercicio de la abogacía —decretada me-

diante la antes transcrita resolución de fecha 2 de mayo de 1985— se mantuvo en todo su vigor.

*En el Caso Núm. A-85-7* —relativo a queja presentada por dos ciudadanos— mediante resolución de fecha 30 de mayo de 1985 le concedimos un plazo improrrogable de treinta días para que cumpliera con una anterior —de fecha 9 de mayo de 1985— en que se le había solicitado que expusiera "sus puntos de vista" respecto a la referida queja. El licenciado Añeses Peña no compareció en forma alguna ante el Tribunal. En su consecuencia mediante resolución de fecha 15 de agosto de 1985 expresamos que su incumplimiento se consideraba como "razón adicional agravante de su suspensión de la abogacía decretada por nuestra resolución de 2 de mayo de 1985".

*En el Caso Núm. MC-85-69* —queja radicada por otro ciudadano— el licenciado Añeses Peña igualmente no contestó una orden sobre mostración de causa que emitiéramos en dicho caso.

█ Así las cosas, fuimos informados por la Junta de Apelaciones del Sistema de Administración de Personal, mediante escrito de fecha 2 de diciembre de 1985, que el licenciado Añeses Peña había postulado ante dicho organismo administrativo, *en calidad de abogado* de un peticionario, en los Casos Número D-84-977 y SPP-83-339 durante los días 13 y 29 de julio de 1985, respectivamente; *en otras palabras, luego de haber sido suspendido del ejercicio de su profesión de abogado por este Tribunal.* En vista de ello, mediante resolución de fecha 12 de diciembre de 1985 le concedimos un término de cuarenta (40) días al licenciado Añeses para que mostrara causa por la cual no debía "ser [suspendido] indefinidamente de la abogacía". No ha comparecido.

Somos del criterio que los hechos antes relatados demuestran a la saciedad que el Lcdo. José A. Añeses Peña es "indigno de seguir ostentando el título de abogado". *In re Frey-*

*tes Mont*, ante, pág. 14. Por las razones antes expresadas, *se separa permanentemente del ejercicio de la abogacía en Puerto Rico al aquí querellado. En adición, se instruye al Secretario General Interino de este Tribunal para que notifique copia de la presente al Señor Secretario de Justicia de Puerto Rico para la acción que estime pertinente. Se dictará sentencia de conformidad.*

El Juez Asociado Señor Ortiz no intervino. La Juez Asociada Señora Naveira de Rodón no intervino.