*Se dictará sentencia de conformidad.*

*In re* José G. Marrero Luna, querellado.

*Números:* AB-1995-47    *Resueltos:* 20 de diciembre de 2005
CP-2004-1

*Luis M. Malpica Rodríguez*, contralor interino; *Roberto J. Sánchez Ramos* y *Salvador Antonetti Stutts*, procuradores generales, querellantes; *Juan E. Taboas Santiago* y *José De la Texera Barnes*, abogados de la parte querellada; *José G. Marrero Luna*, abogado querellado.

PER CURIAM: El abogado José G. Marrero Luna se encuentra suspendido de la profesión según sentencia dictada el 8 de septiembre de 2005. Lo suspendimos por el término de un (1) mes por violar el Canon 38 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, que le impone a todo abogado el deber de preservar el honor y la dignidad de la profesión. *In re De la Texera Barnes*, 165 D.P.R. 526 (2005). En virtud de nuestro poder inherente para reglamentar la profesión de la abogacía en Puerto Rico, procedemos a extender la suspensión del señor Marrero Luna por un término indefinido debido a su incumplimiento injustificado con las órdenes de este Tribunal. *In re Añeses*, 117 D.P.R. 134 (1986).

I

A raíz de una auditoría realizada a la extinta Corporación Azucarera de Puerto Rico, el 4 de mayo de 1995, el contralor interino Luis M. Malpica Rodríguez presentó una queja ante este Tribunal contra el abogado José G. Marrero Luna.

El 13 de septiembre de 1995 le ordenamos al Procurador General investigar la queja presentada. El Procurador Ge-

neral enfrentó una serie de obstáculos durante el trámite de la investigación y no fue hasta el 2004 que se encontró en posición de investigar la queja contra el señor Marrero Luna. El 24 de junio de 2004 dictamos resolución concediendo un término de noventa días al Procurador General para que sometiera el informe correspondiente. Como parte de la investigación, el 3 de agosto de 2004, el Procurador General le envió una copia de la queja al señor Marrero Luna mediante una carta certificada con acuse de recibo, en la que le solicitó que presentara su posición al efecto en un término de diez días. Además, le requirió que entregara copia de los documentos que tuviera en su poder con relación a la queja presentada. Dicha carta fue enviada a la dirección que consta en la Secretaría del Tribunal Supremo, así como a la dirección que surge del directorio del Colegio de Abogados del 2004. Además, se le envió una carta al abogado José A. De la Texera Barnes, representante legal del señor Marrero Luna.(¹) Ambas cartas fueron devueltas por el correo el 23 y el 25 de agosto de 2004. El 25 de agosto de 2004 el Procurador General envió nuevos requerimientos a las mismas direcciones. Esta vez concedió un término de cinco días para que se cumpliera con lo solicitado. Las cartas no fueron devueltas y, según el expediente, el señor Marrero Luna nunca compareció.

Ante esta situación, el 10 de septiembre de 2004 el Procurador General nos solicitó que se le ordenara al señor Marrero Luna cumplir con sus requerimientos. El 6 de octubre de 2004 nos presentó otra moción, en la que informó nuevamente el incumplimiento del señor Marrero Luna y solicitó un término adicional de treinta días a partir de la comparecencia de éste para presentar el informe solicitado.

(¹) El señor Marrero Luna presentó una Moción en Oposición a Moción sobre Solicitud de Información el 23 de agosto de 1995 en la que, entre otras cosas, relevó al abogado De la Texera Barnes de representarlo legalmente. Este Tribunal no se expresó al respecto y continuó notificándole toda orden o resolución referente al caso. Posteriormente, el Sr. José A. De la Texera Barnes presentó una Moción Solicitando Relevo de Representación Legal, y dicha solicitud fue declarada "con lugar" por este Tribunal.

El 11 de marzo de 2005 dictamos una resolución mediante la cual declaramos "con lugar" la solicitud de término adicional y le ordenamos al señor Marrero Luna contestar los requerimientos del Procurador General en un término de treinta días, bajo apercibimiento de que su incumplimiento podría conllevar su suspensión *indefinida* del ejercicio de la abogacía y la notaría. También notificamos al Procurador General de la dirección del señor Marrero Luna a la que debía enviar cualquier otro requerimiento que surgiera durante la tramitación de la queja. Por orden expresa de este Tribunal, esta resolución fue notificada *personalmente* al señor Marrero Luna.

El 23 de marzo de 2005 el Procurador General envió otra carta al señor Marrero Luna en la que solicita nuevamente su posición respecto a la queja pendiente y le requiere la misma documentación a la que hace referencia en la carta del 3 de agosto de 2004. Se envió una carta certificada con acuse de recibo a la dirección provista por este Tribunal en la mencionada resolución. La carta fue devuelta por el correo.

El 23 de junio de 2005 el Procurador General presentó una Moción Informativa Urgente, informando una vez más a este Tribunal sobre el incumplimiento del señor Marrero Luna con la orden del 11 de marzo de 2005.

II

Éstas no son las únicas órdenes nuestras que el señor Marrero Luna ha incumplido. El 29 de junio de 2005 el Procurador General presentó una querella, CP-2004-1, contra el señor Marrero Luna por haber incurrido en serias deficiencias al presentar las planillas de contribución sobre ingresos para 1986, 1988 y 1990, y por entender que el haber resultado convicto de las acciones criminales instadas con relación a dichas planillas constituye depravación moral, según la Ley de 11 de marzo de 1909 (4 L.P.R.A. sec.

735), y violación al Canon 38 del Código de Ética Profesional, *supra.*

Mediante Resolución de 8 de julio de 2004, ordenamos al señor Marrero Luna contestar la querella presentada, y el 9 de agosto de 2004 éste compareció y presentó una moción de prórroga para contestar, la cual concedimos el 23 de diciembre de 2004. No obstante, el señor Marrero Luna incumplió con el término adicional concedido. El 11 de marzo de 2005, le concedimos un término final de treinta días y le apercibimos de que su incumplimiento podría conllevar su suspensión *indefinida* del ejercicio de la profesión. Esta resolución fue notificada *personalmente* al señor Marrero Luna.

Según el expediente, el señor Marrero Luna aún no ha cumplido con nuestra orden del 23 de diciembre de 2004 en la querella CP-2004-1 y sólo ha presentado una moción informativa del 12 de julio de 2005, en la que señala la posibilidad de nueva representación legal. Han pasado cerca de cinco meses desde su última comparecencia y aún no cumple con las órdenes de este Tribunal.

## III

El incumplimiento por parte de un abogado con nuestras órdenes en el trámite de una queja constituye una falta ética separada e independiente de los méritos de dicha queja. *In re Vargas Soto*, 146 D.P.R. 55, 61 (1998). Es decir, aun cuando la queja resulte inmeritoria, el abogado puede quedar sujeto a sanción disciplinaria si demuestra dejadez e inacción durante el trámite. Íd., pág. 62. De igual forma nos hemos expresado con relación al trámite de una querella. *In re Díaz García*, 104 D.P.R. 171 (1975).

Reiteradamente hemos resuelto que todo abogado tiene el deber ineludible de responder diligentemente, no sólo a los requerimientos de este Tribunal, sino también a los de la Oficina del Procurador General, de la Comisión de

Ética del Colegio de Abogados y de la Oficina de Inspección de Notarías. *In re Rivera Irizarry*, 155 D.P.R. 687 (2001); *In re Ríos Acosta I*, 143 D.P.R. 128 (1997). En *In re Ríos Acosta I*, supra, pág. 135, señalamos que "[l]a desatención de los abogados a comunicaciones relacionadas con investigaciones disciplinarias tiene el mismo efecto disruptivo [sic] de nuestra función reguladora de la profesión que cuando se desatiende una orden emitida directamente por este Tribunal".

El Canon 12 del Código de Ética Profesional exige "desplegar todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones" en la tramitación y solución de las causas. 4 L.P.R.A. Ap. IX. "El compromiso de mantener y contribuir a un orden jurídico íntegro y eficaz, para lograr la más completa confianza y apoyo de la ciudadanía, se extiende no sólo a la esfera de la litigación de causas sino a la jurisdicción disciplinaria de este foro." *In re Ríos Acosta I*, supra, pág. 135.

Incumplir órdenes de este Tribunal constituye, además, una violación al Canon 9 del Código de Ética Profesional, que señala que todo abogado "debe observar para con los tribunales una conducta que se caracterice por el mayor respeto". 4 L.P.R.A. Ap. IX. Según hemos mencionado, la naturaleza de la abogacía requiere escrupulosa atención y obediencia a las órdenes del Tribunal Supremo, particularmente en la esfera ética. Véanse: *In re Santiago Méndez*, 129 D.P.R. 696, 697 (1991); *In re Colón Torres*, 129 D.P.R. 490, 493–494 (1991).

## IV

Según mencionamos, el señor Marrero Luna fue suspendido de la profesión por el término de un (1) mes, como resultado de otro procedimiento disciplinario. *In re De la Texera Barnes*, supra. Como sabemos, la Regla 14 del Reglamento del Tribunal Supremo dispone que "[s]i tras

haber sido suspendido del ejercicio de la abogacía y/o del notariado, el(la) abogado(a) o notario(a) desea ser reinstalado(a), deberá presentar una moción de reinstalación al tribunal, ya que la reinstalación no será automática, a menos que el tribunal así lo disponga expresamente". 4 L.P.R.A. Ap. XXI-A. Al ordenar la suspensión del señor Marrero Luna mediante Sentencia de 8 de septiembre de 2005 no expresamos que éste sería reinstalado automáticamente al vencer el término de suspensión. Por el contrario, señalamos que sería "hasta que otra cosa provea este Tribunal".

Sin embargo, la contumacia mostrada por el señor Marrero Luna en desatender nuestras órdenes nos lleva a no esperar a que se presente una solicitud de reinstalación para expresarnos respecto al término de su suspensión de la profesión. Debemos señalar que no es la primera vez que sancionamos disciplinariamente a un abogado que se encuentra suspendido de la profesión. En *In re Añeses,* supra, separamos permanentemente de la profesión al Sr. José A. Añeses, a pesar de que éste se encontraba ya suspendido. El señor Añeses incumplió su obligación de rendir índices notariales e incumplió una orden de este Tribunal durante el trámite de dicho procedimiento disciplinario. Se le suspendió del ejercicio de la profesión hasta que rindiera los índices adeudados y ofreciera "excusas aceptables por su desatención" a la orden incumplida. En efecto, rindió los índices notariales, pero nunca compareció a ofrecer una explicación por su desatención a la orden de este Tribunal. La suspensión se mantuvo en todo su vigor y este Tribunal continuó la tramitación de los procedimientos disciplinarios pendientes contra el señor Añeses, por sus actuaciones durante el tiempo que ejerció la profesión. El señor Añeses nuevamente incumplió las órdenes que este Tribunal emitió como parte de la tramitación de dichos procedimientos. Además, la Junta de Apelaciones del Sistema de Administración de Personal notificó a este Tribunal que el señor

Añeses estaba ejerciendo la profesión a pesar de encontrarse suspendido. En vista de esto, le ordenamos mediante resolución que mostrara causa por la cual no debía ser suspendido indefinidamente de la abogacía. El señor Añeses incumplió nuevamente. Por consiguiente, lo suspendimos *permanentemente* mediante opinión *per curiam* de 31 de marzo de 1986. Íd.

■ En los casos de autos, el señor Marrero Luna incurrió en conducta violatoria de los cánones del Código de Ética Profesional. Durante la tramitación de varios procedimientos que tenía pendiente, no sólo hizo caso omiso a los requerimientos del Procurador General, sino que también incumplió con órdenes de este Tribunal. Esta actitud de dejadez y falta de diligencia es incompatible con el ejercicio de la abogacía y es indicativa de una falta de respeto hacia los procedimientos de este Tribunal. No podemos tolerar este tipo de conducta. *In re Negrón Negrón*, 163 D.P.R. 586 (2004); *In re Vargas Soto*, supra. Además, encontrarse suspendido del ejercicio de la profesión no es justificación para desatender los procesos disciplinarios pendientes ante este Tribunal. Este tipo de comportamiento constituye un agravante de la suspensión ya decretada.

En virtud de nuestro poder inherente para reglamentar la profesión y ante el reiterado incumplimiento del señor Marrero Luna con las órdenes de este Tribunal, *ordenamos que la suspensión de un mes del ejercicio de la profesión, decretada mediante Sentencia de 8 de septiembre de 2005, se extienda por un término indefinido.*

*Se dictará la sentencia correspondiente.*