*In re* JOSÉ R. TORRES ZAYAS, querellado.

*Número:* AB-2003-278          *Resuelto:* 27 de marzo de 2006

*José Luis Mendoza Santiago*, quejoso; *José R. Zayas*, abogado querellado que comparece por derecho propio.

PER CURIAM:

# I

El 24 de diciembre de 2003 el Sr. José Luis Mendoza Santiago presentó queja ante este Tribunal contra el Lcdo. José R. Torres Zayas. Alegó haber contratado al licenciado Torres Zayas con el propósito de obtener asesoramiento legal sobre una acción por despido injustificado. El señor Mendoza Santiago le entregó al licenciado Torres Zayas documentos pertinentes al caso y un cheque de tres mil dólares como adelanto de honorarios de abogado. Según el señor Mendoza Santiago, el cheque fue cobrado el 14 de abril de 2003 y, a pesar de sus reiterados intentos por comunicarse con el licenciado Torres Zayas, éste nunca se volvió a comunicar con él.

A raíz de la queja presentada, la Secretaria de este Tribunal envió una carta de 24 de febrero de 2004 al licenciado Torres Zayas. La carta fue devuelta por el correo. El 4 de marzo de 2004 se notificó personalmente al licenciado Torres Zayas sobre la queja presentada y se le concedió un término de diez días para que la contestara. Ante el incumplimiento del licenciado Torres Zayas, el 8 de julio de 2005 dictamos resolución en la que le concedimos un término adicional de diez días para que contestara. Además, le apercibimos de que su incumplimiento podría conllevar sanciones disciplinarias severas, incluso la suspensión del ejercicio de la profesión. Dicha resolución fue notificada personalmente al licenciado Torres Zayas.

El 1 de agosto de 2005 el licenciado Torres Zayas solicitó un término adicional de veinte días para cumplir con lo ordenado por este Tribunal. El 23 de agosto de 2005 dictamos resolución mediante la cual concedimos el término adicional solicitado. En clara violación a nuestras órdenes, el licenciado Torres Zayas aún no ha comparecido ante este Tribunal.

## II

■ Reiteradamente hemos resuelto que los abogados tienen el ineludible deber de responder diligentemente a los requerimientos de este Tribunal. El incumplimiento con nuestras órdenes en el trámite de una queja constituye una falta ética separada e independiente de los méritos de ésta. *In re Marrero Luna*, 166 D.P.R. 578 (2005).

■ El Canon 12 del Código de Ética Profesional exige "desplegar todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones en la tramitación y solución" de las causas. 4 L.P.R.A. Ap. IX. Además, el Canon 9 requiere que todo abogado observe "para con los tribunales una conducta que se caracterice por el mayor respeto". 4 L.P.R.A. Ap. IX.

■ Hemos señalado que "[e]l compromiso de mantener y contribuir a un orden jurídico íntegro y eficaz, para lograr la más completa confianza y apoyo de la ciudadanía, se extiende no sólo a la esfera de la litigación de causas sino a la jurisdicción disciplinaria de este foro". *In re Ríos Acosta I*, 143 D.P.R. 128, 135 (1997). Continuamente "hemos sido enérgicos al señalar que no toleraremos la incomprensible y obstinada negativa de un miembro de nuestro foro de cumplir con las órdenes de este Tribunal. La indiferencia de un abogado en responder a las órdenes de este Tribunal en la esfera disciplinaria acarrea severas sanciones ...". (Cita omitida.) *In re Melecio Morales*, 144 D.P.R. 824, 826 (1998).

El Lcdo. José R. Torres Zayas fue notificado personalmente de que se había presentado una queja en su contra y le fue requerida una contestación. A pesar de incumplir con lo solicitado, mediante la Resolución de 8 de julio de 2005 le concedimos un término adicional para contestar y lo apercibimos de las consecuencias de incumplir con nuestra orden. Posteriormente le concedimos prórroga según solici-

tada y aún así continuó ignorando nuestros requerimientos.

El incumplimiento del licenciado Torres Zayas con las órdenes de este Tribunal demuestra una actitud de dejadez y falta de diligencia que no tienen cabida en esta profesión. La indiferencia ante nuestro apercibimiento de imponerle severas sanciones, evidencia que no le interesa continuar ejerciendo la profesión.

Por los fundamentos antes expuestos, *decretamos la suspensión indefinida del Lcdo. José R. Torres Zayas del ejercicio de la abogacía y la notaría. Le imponemos al Lcdo. José R. Torres Zayas el deber de notificar a todos sus clientes de su inhabilidad para seguir representándolos, de devolverles cualesquiera honorarios recibidos por trabajos no realizados y de informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país. Además, deberá certificarnos dentro del término de treinta días, a partir de la notificación de la presente, el cumplimiento de estos deberes. El Alguacil de este Tribunal deberá incautarse de la obra y del sello notarial de José R. Torres Zayas y entregarlos a la Oficina de Inspección de Notarías para que lleve a cabo el examen e informe correspondiente.*

*Se dictará sentencia de conformidad.*