EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br><br> Ramón Colón Olivo | 2013 TSPR 22 <br><br> 187 DPR ____ |

Número del Caso: AB-2008-41
              AB-2008-54


Fecha: 25 de enero de 2013


Oficina de Inspección de Notarías:

            Lcda. Lourdes Quintana Llorens
            Directora



Materia: Conducta Profesional – La suspensión será efectiva una vez advenga final y firme la Sentencia conforme a la Regla 45 del Reglamento del Tribunal Supremo sobre reconsideración.



Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Ramón Colón Olivo                   AB-2008-41
                                      cons.
                                    AB-2008-54

*Per Curiam*

En San Juan, Puerto Rico, a 25 de enero de 2013.

El 13 de enero de 2009, referimos a la Oficina de Inspección de Notarías una Resolución de 8 de febrero de 2008 emitida en el caso <u>Hon. Antonio Silva Delgado v. Mario Tevenal Avilés</u>, DPE 2008-0074, en la que la Hon. Luisa M. Colom García indica que el Notario Público Ramón Colón Olivo (en adelante el querellado) notarizó dos piezas documentales con el mismo número de testimonio, el número 3462. En cada una de estas declaraciones se identifica al declarante como vecino de un municipio diferente; una declaración indica que reside en Toa Alta, Puerto Rico y la

otra, en Bayamón, Puerto Rico.[1]

De la documentación recopilada durante el proceso de investigación, la Oficina de Inspección de Notarías (ODIN) concluyó que, efectivamente, el 3 de julio de 2007, el notario querellado autorizó dos declaraciones juradas sobre "Formulario Informativo para Aspirantes a Puestos Electivos (Intención de Candidatura)" con el mismo número 3462 y suscritas ambas por el mismo otorgante: Mario Tevenal Avilés. En cada una de estas declaraciones se identifica al declarante como vecino de un municipio diferente, según expuesto anteriormente.

Ambas declaraciones juradas fueron realizadas en horas laborables en las inmediaciones o en la cafetería del Fondo del Seguro del Estado, lugar donde Colón Olivo y Tevenal trabajan, según admitió el notario en su declaración jurada. Sin embargo, el notario también expuso bajo juramento que se trataba de una sola declaración jurada y que al juramentar la declaración, "como es su práctica usual", entregó al señor Tevenal dos originales de la misma, "más [*sic*] no verificó en toda su redacción la declaración identificada con el número 3462 y puesta en

---

[1] Una de las piezas fue identificada como el Exhibit I – Formulario informativo para Aspirantes a Puestos Electivos (Intención de Candidatura). Declaración de autenticidad número 3462, suscrita por el señor Mario Tevenal Avilés, el 3 de julio de 2007, en San Juan, Puerto Rico; Exhibit 2 – Formulario Informativo para Aspirantes a Puestos Electivos (Intención de Candidatura). Declaración de autenticidad número 3462, suscrita por el señor Mario Tevenal Avilés, el 3 de julio de 2007, en Bayamón, Puerto Rico.

segundo orden". En su determinación de hecho número 15, el tribunal indica que "esa declaración de autenticidad, la que estaba en segundo término y debajo de la primera, no fue completada en todos sus términos por el notario".

Al momento de la queja, el querellado laboraba para la CFSE, según la información que surge del Registro Único de Abogados (RUA) y de su índice notarial para el mes de julio de 2007. El querellado figura en el Registro de Prohibiciones de la CFSE y sólo puede ejercer la notaría para asuntos oficiales, en horas laborables.[2]

En más de una ocasión, la Oficina de Inspección de Notarías le requirió al querellado copia del asiento 3462 y del índice Notarial del mes de julio de 2007. La misiva le fue enviada a su dirección de récord en la Oficina de Inspección de Notarías: PO Box 23030, UPR Station, San Juan, Puerto Rico 00931-3030. Aunque no respondió a la notificación de la ODIN, en una visita que hizo el notario a la ODIN para atender otro asunto, se le abordó al respecto y, como el notario tenía consigo el Registro de Testimonios, se fotocopió el asiento en cuestión. Del Registro de Testimonios surge que el querellado informó un

---

[2] La orden ejecutiva del Gobernador PE 2009 028 establece las normas y política pública relacionada al ejercicio de la Notaría por notarios en el Servicio Público. Cada jefe de agencia creará su propio registro de prohibiciones y le notificará a la oficina a tenor con el Artículo 4 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2004. Una solicitud para un cargo electivo que fue el documento que notarizó el querellado no es un asunto oficial. El registro de la CFSE se estableció mediante carta el 14 de febrero de 2008 por su Administrador de entonces, Lcdo. Carlos J. Ruiz Nazario.

solo testimonio con dicho número y no presentó un índice enmendado para julio de 2007.

Tras examinar el derecho aplicable, el Informe concluye que el notario querellado, al actuar como lo hizo el 3 de julio de 2007, infringió las disposiciones de los Cánones 35 y 38 de Ética Profesional, ya que omitió cerciorar que los testimonios no eran original y copia, pues se trataba de dos formularios diferentes, con información distinta. El Informe recomienda, además, que se amplíe la investigación para determinar si hubo violación al Artículo 4 de la Ley Notarial.

El 30 de septiembre de 2011, concedimos al Lcdo. Ramón Colón Olivo un término de veinte días para que se expresara en torno al Informe presentado por la ODIN. No compareció, por lo que el 23 de enero de 2012 emitimos una segunda Resolución concediéndole un nuevo término improrrogable de veinte días y advirtiéndole que su incumplimiento podría conllevar sanciones disciplinarias severas, incluyendo la suspensión indefinida de la práctica de la profesión. El abogado tampoco respondió a esta orden.

Por tratarse de los mismos hechos, consolidamos las quejas AB-2008-41 y AB-2008-54.

I

En numerosas ocasiones hemos resuelto que las y los miembros de la clase togada tienen la obligación

ineludible de responder con premura y por escrito a los requerimientos relacionados a quejas por conducta profesional.[3] No obrar conforme a esta exigencia puede redundar en una falta ética separada e independiente a la imputada originalmente.[4]

Desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el Canon 9.[5] Igualmente hemos resaltado que los abogados tienen el deber ineludible de cumplir diligentemente las órdenes de este Tribunal, incluso en aquellos casos en que ya han sido suspendidos.[6] Desatender nuestras órdenes acarrea la imposición de sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión.[7]

En Colegio de Abogados de Puerto Rico v. Pizzini Arnott, indicamos que "desatender nuestras órdenes en el curso de un procedimiento disciplinario, revela una gran fisura del buen carácter que debe exhibir todo miembro de

---

[3] In re: Borges Lebrón, 179 D.P.R. __ (2010).

[4] Véase, In re: Vilanova Alfonso, 159 D.P.R. 167 (2003); In re: Arroyo Rivera, 148 D.P.R. 354 (1999).

[5] In re: Betancourt Medina, 183 D.P.R. 821 (2011); In re: Rosado Cruz, 176 D.P.R. 1012 (2009); In Re: Maldonado Rivera, 147 D.P.R. 380 (1999).

[6] In re: Marrero Luna, 166 D.P.R. 578 (2006).

[7] Véanse, entre muchos otros: In re: Fiel Martínez, 180 D.P.R. 426 (2010); In re: Zayas Cabán, 162 D.P.R. 839 (2004); In re: Arroyo Rivera, 161 D.P.R. 567 (2004); In re: Torres Torregrosa, 161 D.P.R. 66 (2004); In re: Laborde Freyre, 154 D.P.R. 112 (2001).

la profesión legal".[8] Se trata de un acto de indisciplina, desobediencia, displicencia, falta de respeto y contumacia hacia este Tribunal que no habremos de tolerar.[9]

## II

Resulta evidente que el abogado de epígrafe ha actuado de forma censurable al no ser responsivo a los requerimientos que le ha hecho este Tribunal. Más aún cuando las faltas que se le imputan pueden redundar en serias violaciones a sus deberes profesionales y éticos como abogado y notario.

Por tanto, se suspende indefinidamente al abogado Ramón Colón Olivo del ejercicio de la abogacía y la notaría. Se le impone el deber de notificar a todos sus clientes de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.

Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta opinión Per Curiam y Sentencia.

Se dictará sentencia de conformidad.

---

[8] *Colegio de Abogados de Puerto Rico v. Pizzini Arnott*, 157 D.P.R. 182 (2002).

[9] *Véanse*, In re: Guemárez Santiago I, 146 D.P.R. 27, 28 (1998); In re: Nicot Santana, 129 D.P.R. 717, 718 (1992).

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

|  |  |
|---|---|
|  | AB-2008-41 |
| Ramón Colón Olivo | cons. |
|  | AB-2008-54 |

*SENTENCIA*

En San Juan, Puerto Rico, a 25 de enero de 2013.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, se suspende indefinidamente al abogado Ramón Colón Olivo del ejercicio de la abogacía y la notaría. Se le impone el deber de notificar a todos sus clientes de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.

Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta opinión Per Curiam y Sentencia.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez y el Juez Asociado señor Estrella Martínez no intervinieron.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo