per curiam:
El 13 de enero de 2009, referimos a la Ofi-cina de Inspección de Notarías (ODIN) una Resolución de 8 de febrero de 2008 emitida en el caso Hon. Antonio Silva Delgado v. Mario Tevenal Avilés, DPE 2008-0074, en la que la Hon. Luisa M. Colom García indica que el notario público Ramón Colón Olivo (el querellado) notarizó dos pie-zas documentales con el mismo número de testimonio, el número 3462. En cada una de estas declaraciones se iden-tifica al declarante como vecino de un municipio diferente; *661 una declaración indica que reside en Toa Alta, Puerto Rico, y la otra, en Bayamón, Puerto Rico.(1)
De la documentación recopilada durante el proceso de investigación, ODIN concluyó que, efectivamente, el 3 de julio de 2007, el notario querellado autorizó dos declaracio-nes juradas sobre “Formulario Informativo para Aspiran-tes a Puestos Electivos (Intención de Candidatura)” con el mismo número 3462 y suscritas ambas por el mismo otor-gante: Mario Tevenal Avilés. En cada una de estas decla-raciones se identifica al declarante como vecino de un mu-nicipio diferente, según expuesto.
Ambas declaraciones juradas fueron realizadas en horas laborables en las inmediaciones o en la cafetería del Fondo del Seguro del Estado, lugar donde Colón Olivo y Tevenal trabajan, según admitió el notario en su declara-ción jurada. Sin embargo, el notario también expuso bajo juramento que se trataba de una sola declaración jurada, y que al juramentar la declaración, “como es su práctica usual”, entregó al señor Tevenal dos originales de esta, “mas no verificó en toda su redacción la declaración iden-tificada con el número 3462 y puesta en segundo orden”. En su determinación de hecho número 15, el tribunal in-dica que “esa declaración de autenticidad, la que estaba en segundo término y debajo de la primera, no fue completada en todos sus términos por el notario”.
Al momento de la queja, el querellado laboraba para la CFSE, según la información que surge del Registro Único de Abogados (RUA) y de su índice notarial para julio de 2007. El querellado figura en el Registro de Prohibiciones *662 de la CFSE y solo puede ejercer la notaría para asuntos oficiales, en horas laborables.(2)
En más de una ocasión, ODIN le requirió al querellado copia del asiento 3462 y del índice notarial de julio de 2007. La misiva se le envió a su dirección del expediente en ODIN: PO Box 23030, UPR Station, San Juan, Puerto Rico 00931-3030. Aunque no respondió a la notificación de la ODIN, en una visita que hizo el notario a ODIN para aten-der otro asunto se le abordó al respecto y, como el notario tenía consigo el Registro de Testimonios, se fotocopió el asiento en cuestión. Del Registro de Testimonios surge que el querellado informó un solo testimonio con dicho número y no presentó un índice enmendado para julio de 2007.
Tras examinar el derecho aplicable, el informe concluye que el notario querellado, al actuar como lo hizo el 3 de julio de 2007, infringió las disposiciones de los Cánones 35 y 38 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, ya que omitió cerciorar que los testimonios no eran original y copia, pues se trataba de dos formularios diferentes, con información distinta. El informe recomienda, además, que se amplíe la investigación para determinar si hubo viola-ción al Artículo 4 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2013.
El 30 de septiembre de 2011, concedimos al Ledo. Ra-món Colón Olivo un término de veinte días para que se expresara en torno al informe presentado por la ODIN. No compareció, por lo que él 23 de enero de 2012 emitimos una segunda resolución concediéndole un nuevo término impro-rrogable de veinte días y advirtiéndole que su incumpli-miento podría conllevar sanciones disciplinarias severas, *663 incluyendo la suspensión indefinida de la práctica de la profesión. El abogado tampoco respondió a esta orden.
Por tratarse de los mismos hechos, consolidamos las quejas AB-2008-41 y AB-2008-54.
I
En numerosas ocasiones hemos resuelto que las y los miembros de la clase togada tienen la obligación ineludible de responder con premura y por escrito a los requerimientos relacionados a quejas por conducta profesional.(3) No obrar conforme a esta exigencia puede redundar en una falta ética separada e independiente a la imputada originalmente. (4)
Desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. (5) Igualmente hemos resaltado que los abogados tienen el deber ineludible de cumplir diligentemente con las órdenes de este Tribunal, incluso en aquellos casos en que ya han sido suspendidos.(6) Desatender nuestras órdenes acarrea la imposición de sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión.(7)
En In re Escalona Colón, 149 D.P.R. 900, 901 (1999), indicamos que “[d]esatender nuestras órdenes en el curso de un procedimiento disciplinario, revela una gran fisura del buen carácter que debe exhibir todo miembro de *664 la profesión legal”. Se trata de un acto de indisciplina, des-obediencia, displicencia, falta de respeto y contumacia ha-cia este Tribunal que no habremos de tolerar.(8)
II
Resulta evidente que el abogado de epígrafe ha actuado de forma censurable al no ser responsivo a los requeri-mientos que le ha hecho este Tribunal. Más aún cuando las faltas que se le imputan pueden redundar en serias viola-ciones a sus deberes profesionales y éticos como abogado y notario.
Por lo tanto, se suspende indefinidamente al abogado Ramón Colón Olivo del ejercicio de la abogacía y la notaría. Se le impone el deber de notificar a todos sus clien-tes de su inhabilidad para seguir representándolos, devol-verles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior en el término de treinta días a partir de la notificación de esta opinión “per curiam” y sentencia.

Se dictará sentencia de conformidad.

La Juez Asociada Señora Rodríguez Rodríguez y el Juez Asociado Señor Estrella Martínez no intervinieron.

 Una de las piezas fue identificada como el Exhibit I — Formulario Informa-tivo para Aspirantes a Puestos Electivos (Intención de Candidatura). Declaración de autenticidad número 3462, suscrita por el Sr. Mario Tevenal Avilés, el 3 de julio de 2007, en San Juan, Puerto Rico. La otra fue identificada como Exhibit 2 — Formulario Informativo para Aspirantes a Puestos Electivos (Intención de Candidatura); Declaración de autenticidad número 3462, suscrita por el Sr. Mario Tevenal Avilés, el 3 de julio de 2007, en Bayamón, Puerto Rico.

 La orden ejecutiva del Gobernador PE 2009 028 establece las normas y po-lítica pública relacionada al ejercicio de la notaría por notarios en el servicio público. Cada jefe de agencia creará su propio registro de prohibiciones y le notificará a la oficina de acuerdo con el Artículo 4 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2004. Una solicitud para un cargo electivo que fue el documento que notarizó el querellado no es un asunto oficial. El registro de la CFSE se estableció mediante carta el 14 de febrero de 2008 por su Administrador de entonces, Ledo. Carlos J. Ruiz Nazario.

 In re Borges Lebrón, 179 D.P.R. Ap. (2010).

 Véanse: In re Vilanova Alfonso, 159 D.P.R. 167 (2003); In re Arroyo Rivera, 148 D.P.R. 354 (1999).

 In re Betancourt Medina, 183 D.P.R. 821 (2011); In re Rosado Cruz, 176 D.P.R. 1012 (2009); In re Maldonado Rivera, 147 D.P.R. 380 (1999).

 In re Marrero Luna, 166 D.P.R. 578 (2006).

 Véanse, entre muchos otros: In re Fiel Martínez, 180 D.P.R. 426 (2010); In re Zayas Cabán, 162 D.P.R. 839 (2004); In re Arroyo Rivera, 161 D.P.R. 567 (2004); In re Torres Torregrosa, 161 D.P.R. 66 (2004); In re Laborde Freyre, 154 D.P.R. 112 (2001).

 Véanse: In re Guemárez Santiago I, 146 D.P.R. 27, 28 (1998); In re Nicot Santana, 129 D.P.R. 717, 718 (1992).