In re MATÍAS DÍAZ GARCÍA.

*Número:* O-75-11          *Resuelto:* 29 de septiembre de 1975

172

*Matías Díaz García, pro se.*

RESOLUCIÓN

El deber del abogado de tramitar rápida y diligentemente los procedimientos judiciales y administrativos no se limita únicamente a situaciones en que interviene en su función clásica de abogar por terceras personas, sino que se extiende a aquellos asuntos en que está directamente envuelto. Concurrentemente, los tribunales tienen la responsabilidad indelegable de imprimir rapidez a los procesos, dictaminando aquellas providencias razonables que las circunstancias de cada caso en particular exijan. La medida provisional que adoptamos en el presente procedimiento de desaforo está fundada en los principios antes expuestos y en vista de la dilación habida. Veamos.

El 10 de enero de 1975 la Oficina del Procurador General de Puerto Rico radicó querella contra el Lic. Matías Díaz García conteniendo cuatro cargos, que en síntesis, imputan conducta inmoral, ilegal e impropia, contraria a los principios expuestos en el Código de Etica Profesional, consistentes alegadamente en haber retenido indebidamente tres pagarés hipotecarios al portador por la cantidad de $5,000.00 cada

uno; haber cobrado un cheque sin autorización de su cliente, como tampoco satisfecho su importe a pesar de los requerimientos judiciales y extrajudiciales; haber desobedecido una orden judicial relativa a la entrega o pago del valor de dicho cheque; y haber omitido inscribir una escritura en el Registro de la Propiedad no obstante haber cobrado el importe correspondiente a los sellos de Rentas Internas.

El 7 de marzo de 1975 ordenamos se notificara personalmente al querellado concediéndole un término de quince días para que contestara la querella bajo apercibimiento de tenerse por admitidas las alegaciones.

Notificado el 15 de marzo, el querellado solicitó prórroga habiéndosele concedido un término hasta el 14 de abril. En esta última fecha solicitó nuevamente una prórroga aduciendo la fractura del brazo izquierdo y que por recomendación médica estaba impedido de formular contestación. El 18 de abril de 1975 ordenamos se adicionara como quinto cargo a la querella queja de una arrendadora al efecto de que durante dos años el querellado Díaz García se había negado a pagar cantidad alguna por concepto de canon de arrendamiento pactado y se había negado a desocupar el local en cuestión. Simultáneamente concedimos veinte días improrrogables para formular su contestación, ello bajo apercibimiento. Este último dictamen fue notificado personalmente el 31 de julio. El 11 de agosto solicitó otra prórroga, ante lo cual dictamos la siguiente Resolución:

"Vista la moción informativa sometida por el querellado el 11 de agosto de 1975, se concede a éste un término a vencer el 15 de septiembre de 1975 para que proceda a formular su contestación a la querella. El término aquí dispuesto es de carácter improrrogable, quedando apercibido el querellado que de no formular oportunamente su contestación, el Tribunal considerará admitidos todos y cada uno de los cargos y procederá, sin ulterior trámite, a dictaminar la acción disciplinaria correspondiente."

El mismo día de su vencimiento, el querellado suplica un término adicional de tres días aduciendo lo copioso y difícil de la tarea de recopilar prueba documental para defenderse de los cargos de la querella, aduciendo además haber estado ocupado atendiendo un juicio criminal.

■ La indebida, irrazonable e inexcusable tardanza del querellado en formular su contestación a la querella es indicativa de una falta de respeto hacia los procedimientos del Tribunal. La ausencia de una contestación a los cargos imputados, conocidos por éste desde hace más de seis meses, resulta injustificada.

■ En virtud de lo dispuesto en la Regla 13 (d) (4) de nuestro Reglamento, suspendemos provisionalmente del ejercicio de la práctica de la profesión de abogado al querellado Matías Díaz García hasta tanto el Tribunal considere apropiada su reinstalación por haber acreditado, mediante las diligencias de rigor, estar presto a afrontar el procedimiento de desaforo sin ulteriores dilaciones innecesarias.

Lo acordó el Tribunal y certifica el Secretario.

(Fdo.) Angel G. Hermida

*Secretario*