In re Moisés Gómez Rijos, querellado.

*Número:* 6085                    *Resuelto:* 31 de enero de 1992

PER CURIAM:

## I

Mediante Resolución de 20 de septiembre de 1991 concedimos un término de veinte (20) días al Lic. Moisés Gómez Rijos para contestar los requerimientos y corregir las deficiencias señaladas en los informes del Inspector de Protocolos bajo apercibimiento de que su incumplimiento con esa resolución conllevaría su suspensión automática del ejercicio de la notaría. Simultáneamente, le concedimos el mismo término para que compareciera por escrito a mostrar causa por la cual no debiera ser suspendido provisionalmente del ejercicio de la abogacía. No obstante la resolución y el apercibimiento, el licenciado Gómez Rijos ha hecho caso omiso a dicho requerimiento.

## II

La naturaleza de las funciones de la abogacía reclama de sus integrantes que observen rigurosamente las órdenes de los tribunales. Este mandato ético también

rige la conducta de los abogados en la tramitación de los asuntos disciplinarios: El compromiso de llevar a cabo todas las diligencias necesarias para asegurar la tramitación y solución rápida de las causas requeridas por el Canon 12 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, se extiende también a la jurisdicción disciplinaria de este Tribunal. *In re Pérez Rodríguez*, 115 D.P.R. 810 (1984).

Con el propósito de desalentar las actitudes dilatorias en la consideración de asuntos éticos, exigimos que todo abogado responda diligentemente a los requerimientos de este Tribunal y del Procurador General de Puerto Rico:

> La indebida, irrazonable e inexcusable tardanza del querellado en formular su contestación a la querella es indicativa de una falta de respeto hacia los procedimientos del Tribunal. La ausencia de una contestación a los cargos imputados, conocidos por éste desde hace más de seis meses, resulta injustificada. *In re Díaz García*, 104 D.P.R. 171, 174 (1975).

Esta normativa también es aplicable a las investigaciones originadas por la Oficina de Inspección de Notarías. Recordemos que al amparo de la Ley Notarial de Puerto Rico de 1987 (en adelante Ley Notarial), 4 L.P.R.A. sec. 2001 *et seq.*, el notario es un "profesional del Derecho que ejerce una función pública, autorizada para dar fe y autenticidad conforme a las leyes de los negocios jurídicos y demás actos y hechos extrajudiciales que ante él se realicen ...". 4 L.P.R.A. sec. 2002. Para asegurar el estricto cumplimiento del estatuto, se le otorga al Tribunal Supremo la autoridad para regular el ejercicio del notariado. 4 L.P.R.A. sec. 2107.

En el descargo de nuestra facultad de reglamentar la notaría, la Oficina de Inspección de Notarías desempeña una función importante. En particular, la Oficina de Inspección de Notarías tiene a su cargo "[l]a inspección de notarías y el examen de los Protocolos" y cualesquiera otra

función relacionada con la supervisión de los notarios delegada por el Tribunal Supremo y el Juez Presidente. 4 L.P.R.A. sec. 2102. También, los notarios tienen que remitir a la Oficina de Inspección de Notarías un índice mensual sobre sus actividades notariales. 4 L.P.R.A. sec. 2023.

Como parte integrante de sus funciones, antes de rendir el informe correspondiente a este Tribunal la Oficina de Inspección de Notarías se comunica con el notario y requiere de éste que corrija las deficiencias encontradas en las investigaciones de sus notarías. De surgir en esta etapa divergencias de criterio entre el Inspector de Protocolos y el notario, "en relación con la forma y la manera de llevar éste sus Protocolos y Registros de Testimonios con respecto al cumplimiento de [la Ley Notarial] la cancelación de derechos o cualquier otra ley relacionada con las formalidades de los instrumentos o documentos", el Art. 63 de la Ley Notarial, 4 L.P.R.A. sec. 2103, provee un procedimiento para dirimir las discrepancias en el foro judicial.

Por la naturaleza de sus funciones es necesario que los notarios contesten diligentemente las comunicaciones de la Oficina de Inspección de Notarías. Una vez se reciban los señalamientos del Inspector, corresponde al notario el deber de oportunamente corregir las deficiencias o contestar el informe, exponiendo sus discrepancias por escrito. Siendo el Director de la Oficina de Inspección de Notarías el funcionario a quien este Tribunal le ha delegado la supervisión de los notarios, "la voluntaria y temeraria desatención de los abogados a esta clase de comunicación tiene el mismo efecto disruptivo en nuestra función reguladora de la profesión que cuando se desatiende una orden emitida directamente por este Tribunal". *In re Pagán Ayala*, 115 D.P.R. 814, 816 (1984).

Bajo nuestro ordenamiento notarial, este Tribunal tiene el poder de corregir disciplinariamente a un

notario después de concederle "[una] oportunidad ... de ser oído en su defensa ...". 4 L.P.R.A. sec. 2102. Cuando el notario no contesta nuestras órdenes de mostrar causa para que comparezca y ofrezca una explicación razonable por la cual no ha corregido las deficiencias señaladas en la inspección de notarías, no aprovecha la oportunidad ofrecida por este Tribunal para ser oído en su defensa. Cuando esto ocurre, procede que en auxilio de nuestra jurisdicción disciplinaria y sin ulteriores procedimientos se suspenda temporalmente del ejercicio de la notaría hasta tanto el notario acredite su disposición de cumplir estrictamente con nuestras órdenes.

## III

En este caso, mediante comunicación de 25 de junio de 1991, el Director de la Oficina de Inspección de Notarías envió al notario Gómez Rijos los hallazgos que de la inspección de su obra notarial obtuvo el Inspector de Protocolos, Lic. Edgardo Ortiz Bauzá. Del informe del Inspector de Protocolos se desprende que en diciembre de 1990 se inspeccionó el Protocolo correspondiente al año 1989. En esa fecha, se le señaló al notario una serie de deficiencias que persistían al reexaminar el Protocolo en marzo de 1991. Además, se encontró que el notario no había informado el cambio en su dirección ni había rendido índices desde abril de 1991.

En su misiva de 25 de junio de 1991, el Director de la Oficina de Inspección de Notarías expuso que antes de someter el asunto al Tribunal Supremo quería "darle una oportunidad para que contest[ara] las deficiencias que se anotan en el informe" del Inspector Ortiz Bauzá. También le recordó que el Art. 63 de la Ley Notarial, *supra*, provee un procedimiento para dirimir divergencias de criterio entre el notario y el Inspector de Protocolos. Por último, señaló si había "alguna explicación que usted quiere que el Tribunal Supremo considere junto con el informe de refe-

rencia, agradeceré que me la envíe a la mayor brevedad posible, pero antes de quince (15) días del recibo de ésta". Íd.

En vista de que el licenciado Gómez Rijos no contestó esta solicitud, el 28 de agosto de 1991 el licenciado Martínez Surís remitió el informe correspondiente a este Tribunal. Mediante Resolución de 20 de septiembre de 1991, pág. 2, concedimos al licenciado Gómez Rijos "un término de veinte (20) días para contestar los requerimientos y corregir las deficiencias señaladas en los informes de la Oficina de Inspección de Notarías" bajo apercibimiento de que su incumplimiento conllevaría su suspensión automática de la notaría y lo exponía a medidas disciplinarias como abogado. Esta resolución fue notificada personalmente a través de la Oficina del Alguacil General. El notario no ha comparecido para corregir las deficiencias señaladas y justificar su actuación.

Su historial revela que anteriormente fue suspendido por hacer caso omiso a nuestras órdenes. Claramente él sabía que su incomparecencia conllevaría su suspensión de la abogacía, y a pesar de que se le ofreció una oportunidad de ser oído, ignoró nuestros requerimientos. Su incomparecencia en esta ocasión revela un patrón de conducta de desidia y contumacia que requiere que, sin ulteriores procedimientos, tomemos las medidas disciplinarias intimadas en la citada Resolución de 20 de septiembre de 1991.

Por ende, en conformidad con lo expresado anteriormente, *procede decretar la suspensión provisional del ejercicio de la profesión de abogado del Lcdo. Moisés Gómez Rijos hasta que corrija las deficiencias señaladas por el Director de la Oficina de Inspección de Notarías y acredite que está dispuesto a cumplir estrictamente con las órdenes de este Tribunal. Se dictará la sentencia correspondiente.*

El Juez Presidente Señor Pons Núñez y el Juez Asociado Señor Rebollo López no intervinieron.