EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br><br>Leida Pagán Torres | 2016 TSPR 75<br><br>195 DPR ____ |

Número del Caso: CP-2013-16

Fecha: 15 de marzo de 2016

Oficina de la Procuradora General:

  Lcda. Tanaira Padilla Rodríguez
  Subprocuradora General

  Lcda. Edna E. Rodríguez Benítez
  Procuradora General Auxiliar

  Lcda. Karla Z. Pacheco Álvarez
  Subprocuradora General

  Lcda. Gisela Rivera Matos
  Procuradora General Auxiliar


 Abogados de la Querellada:

  Lcdo. Virgilio Mainardi Peralta
  Lcdo. José A. Rivera Rodríguez

 Comisionada Especial:

  Hon. Jeannette Ramos Buonomo


Materia: Conducta Profesional – La suspensión será efectiva una vez advenga final y firme la Sentencia conforme a la Regla 45 del Reglamento del Tribunal Supremo.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| *In re* | |
| | CP-2013-16 |
| Leida Pagán Torres | |

*PER CURIAM*

San Juan, Puerto Rico, a 15 de marzo de 2016

I

La Lcda. Leida Pagán Torres fue admitida a la práctica de la abogacía el 6 de julio de 1994 y a la práctica de la notaría el 1 de agosto de 1994.

El 4 de febrero de 2005, la Oficina de Ética Gubernamental (OÉG) presentó una querella contra la licenciada Pagán Torres imputándole infracciones a los artículos 3.2(c), 3.4(c) y 3.4(d) de la entonces vigente *Ley de ética gubernamental*, Ley Núm. 12 de 24 de julio de 1985, 3 L.P.R.A. secs. 1822(c), 1824(c) y 1824(d). Éstos, en síntesis, regulan la obtención de privilegios o beneficios no permitidos por ley mientras determinada persona funge como funcionario o empleado público y aquellos asuntos relacionados con la representación de intereses privados que están en conflicto con la gestión pública. Asimismo, a la licenciada Pagán Torres se le imputaron violaciones a los artículos 6(A) y 13(C) del

*Reglamento de ética gubernamental*, Reg. Núm. 4827 de 20 de noviembre de 1992. Estos artículos, en esencia, regulan asuntos análogos a los contemplados en las disposiciones de la *Ley de ética gubernamental* recién citadas.

Así, en la querella presentada por la OÉG se alegó que la licenciada Pagán Torres, mientras se desempeñaba como abogada a tiempo completo en la Autoridad de Tierras, utilizó las prerrogativas de su cargo para atender diversos asuntos, de índole privada, ante los foros judiciales del País, durante su jornada laboral. Esto es, devengó ingresos –provenientes del erario público– por servicios no prestados. Asimismo, proveyó información falsa al certificar en las hojas de asistencia que estaba enferma o realizando labores oficiales cuando en realidad se desempeñaba como abogada en litigios privados. Por otra parte, valga señalar que, durante su gestión como abogada, la licenciada Pagán Torres procuró y consiguió que se le impusieran sanciones económicas al Estado, su patrono.

Luego de un extenso trámite administrativo, la entonces directora de la OÉG, Sra. Gladys M. Malpica de Schaffer, emitió una resolución en la cual encontró probadas las infracciones a las disposiciones estatutarias y reglamentarias imputadas, salvo el inciso 6(A)(4) del *Reglamento de ética gubernamental*. En consecuencia, le impuso una multa administrativa a la licenciada Pagán Torres ascendente a $6,600.00. Esta determinación de la OÉG fue confirmada, posteriormente, por el Tribunal de

Apelaciones. Es menester destacar que, durante la tramitación del procedimiento que culminó en la imposición de la referida multa, la licenciada Pagán Torres hizo caso omiso a los múltiples requerimientos que le fueron cursados por la OÉG y, además, se ausentó a varias conferencias y audiencias ante ésta. Tal proceder, por tanto, acarreó la innecesaria dilación del procedimiento.

Así las cosas, la OÉG procedió a referir el caso a la atención de este Tribunal. Acaecidos los trámites de rigor, emitimos una resolución ordenándole a la Procuradora General presentar la querella correspondiente. En ésta, se le imputó a la licenciada Pagán Torres incurrir en conducta lesiva de los cánones 6, 12, 35 y 38 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX C. 6, 12, 35 y 38. Luego de que la licenciada Pagán Torres tuviera oportunidad de refutar las alegaciones en su contra, el caso quedó sometido para adjudicación.

II

Como se sabe, el canon 6 del Código de Ética Profesional consagra las normas que han de regir la labor de los abogados en su desempeño ante las agencias gubernamentales y, en lo pertinente, dispone cómo éstos han de proceder cuando ocupen un cargo gubernamental. Así, este precepto ético señala que

> [a]l prestar sus servicios profesionales ante organismos legislativos o administrativos el abogado debe observar los mismos principios de ética profesional que exige su comportamiento ante los tribunales. . . . . Un abogado que ejerza su profesión y que además ocupe un cargo legislativo

o gubernamental debe anteponer el interés público al de su cliente cuando ambos vengan en conflicto e inmediatamente renunciar la representación del cliente. 4 L.P.R.A. Ap. IX C. 6.

Nótese que "[c]ontrario al conflicto de intereses proscrito por el Canon 21 del Código de Ética Profesional la incompatibilidad de funciones no requiere una relación abogado cliente dual". *García O'Neill v. Cruz*, 126 D.P.R. 518, 525 (1990). Es decir, "basta con que en el ejercicio de la función de abogado su actuación sea incompatible con la situación y circunstancias del caso para que resulte obvio que la representación legal es impropia, por afectar la intendencia profesional del abogado frente a otro interés público o privado". *Id.* Así, el canon 6 exige que, "*de estar en conflicto el interés público y el ejercicio de la profesión legal*, el abogado tiene que anteponer el interés del Estado y renunciar a la representación legal". *In re Silvagnoli Collazo*, 154 D.P.R. 533, 539 (2001).

Por otra parte, el canon 12 le "impone al abogado el deber de tramitar las causas con puntualidad y diligencia". *In re Rivera Ramos*, 178 D.P.R. 651, 662 (2010); *In re Vélez Lugo*, 168 D.P.R. 492, 496 (2006). Asimismo, este exige que los abogados desplieguen un alto grado de responsabilidad en la tramitación de las causas en las que intervienen, con tal de evitar entorpecer la pronta resolución de éstas. Véase, en general, *In re López Montalvo*, 173 D.P.R. 193 (2008). Es menester señalar que "[l]a obligación establecida por el Canon 12 ha de cumplirla el abogado en todas las etapas de un litigio, y comprende el acatar fielmente las órdenes del

Tribunal". *In re Rivera Ramos*, 178 D.P.R. en la pág. 663; véase, además, *In re Collazo I*, 159 D.P.R. 141 (2003); *In re Pagán Hernández*, 141 D.P.R. 113 (1996). Además, "[e]l deber del abogado de tramitar rápida y diligentemente los procedimientos judiciales y administrativos no se limita únicamente a situaciones en que interviene en su función clásica de abogar por terceras personas, sino que se extiende a aquellos asuntos en que está directamente envuelto". Véase *In re Díaz García*, 104 D.P.R. 171, 172 (1975). Añádase a lo anterior que la incomparecencia injustificada a las vistas pautadas por el tribunal, que ocasionen suspensiones y dilaciones injustificadas, violan necesariamente el precepto ético en cuestión. *In re López Montalvo*, 173 D.P.R. en la pág. 757. No se debe perder de vista que estas normas deben regir las actuaciones de los abogados aun ante foros administrativos o de otra índole.

De otro lado, el canon 35 dispone, en lo pertinente, que "[l]a conducta de cualquier miembro de la profesión legal ante los tribunales, para con sus representados y en las relaciones con sus compañeros debe ser sincera y honrada". 4 L.P.R.A. Ap. IX C. 35. De otra parte, este canon consagra el deber de "ajustarse a la sinceridad de los hechos . . . al redactar afidávit u otros documentos, y al presentar causas". *Id.* De lo anterior, se colige que esta pauta ética "impone a los abogados un deber de sinceridad y honradez frente a todos, no sólo en la tramitación de litigios, sino en todo tipo de acto". *In re Pons Fontana*,

182 D.P.R. 300, 306 (2011); véase, también, *In re Collazo Sánchez*, 159 D.P.R. 769 (2003). Este deber, además, es *erga omnes*. *In re Franco Rivera y Masini Soler*, 134 D.P.R. 823, 834 (1993). Asimismo, este Tribunal ha señalado que "[m]ás que un ideal irrealizable, la verdad es un atributo inseparable del ser abogado y, sin ésta, no podría la profesión jurídica justificar su existencia". *In re Pons Fontana*, 182 D.P.R. en la pág. 306; véase, además, *In re Martínez, Odell II*, 148 D.P.R. 636 (1999).

Por último, es menester recordar que el canon 38 de ética profesional señala, en lo pertinente, que "[e]l abogado deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de la profesión, aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta impropia". 4 L.P.R.A. Ap. IX, C. 38. En virtud de este canon, pues, "los miembros de nuestra profesión deben estar en un ejercicio constante de introspección en que analicen si su conducta va acorde con la responsabilidad ética y moral que permea el ejercicio de la abogacía". *In re Gordon Menéndez*, 183 D.P.R. 628, 642 (2011). Después de todo, "los abogados son el espejo donde se refleja la imagen de la profesión. Por tal razón, [é]stos deben actuar con el más escrupuloso sentido de responsabilidad que impone la función social que ejercen". *In re Nieves Nieves*, 181 D.P.R. 25, 45 (2011).

En cuanto a la apariencia de conducta impropia, cabe destacar que este Tribunal ha sido enfático al señalar que

ésta "tiene un efecto dañino sobre la imagen, la confianza y el respeto de la ciudadanía a la profesión, así como lo tiene la verdadera 'impropiedad ética'. *In re Toro Iturrino*, 190 D.P.R. 582, 591-592 (2014) (citas omitidas). Es menester señalar, también, que en virtud del canon 38 este Tribunal puede sancionar conducta éticamente reprochable bajo otros cánones.

III

En atención a las pautas éticas anteriormente esbozadas, es forzoso concluir que la licenciada Pagán Torres contravino las mismas.

En primer lugar, la licenciada Pagán Torres incumplió reiteradamente con las órdenes y requerimientos que le cursó la OÉG. Además, antepuso al interés público su interés personal e intereses privados de terceros.[1] Al actuar de esta forma, la licenciada en cuestión vulneró los preceptos éticos que encarna el canon 6. Consecuencia de lo anterior, las actuaciones de la licenciada Pagán Torres acarrearon dilaciones injustificadas en el proceso en su contra, las cuales infringieron la norma de diligencia que consagra el canon 12.

En lo que respecta al canon 35, baste con señalar que la conducta de la licenciada Pagán Torres, al proveer información falsa respecto a las horas trabajadas

---

[1] A modo de ejemplo, la licenciada Pagán Torres intervino, en calidad de abogada, en los siguientes pleitos contra el Estado: *Naydamar González López v. E.L.A.*, Civil Núm. ADP1996-0196, y *Sylvia Pérez Troche, et al. v. E.L.A.*, Civil Núm. IDP1997-0050.

para el Estado, incumplió palmariamente su deber *erga omnes* de sinceridad y honradez.[2] Asimismo, al devengar ingresos por trabajos no realizados, la licenciada Pagán Torres contravino el deber ético palmariamente consagrado en el canon 38; esto es, con sus actuaciones laceró el honor y la dignidad de la profesión legal y, además, incurrió en conducta impropia.

En vista de lo anterior, se suspende por el término de seis (6) meses a la licenciada Pagán Torres del ejercicio de la abogacía y la notaría. Se le impone el deber de notificar a todos sus clientes de su inhabilidad para seguir representándolos, devolverles cualquier honorario recibido por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del País. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta opinión *Per Curiam* y sentencia.

Finalmente, el alguacil de este Tribunal deberá incautar la obra y el sello notarial de la abogada suspendida y entregarlos al director de la Oficina de Inspección de Notaría para la correspondiente investigación e informe.

Se dictará sentencia de conformidad.

---

[2] Por ejemplo, la licenciada Pagán Torres fungió como abogada, durante horas laborables en los siguientes pleitos: *Ana M. Pagán Torres, etc. v. Mayagüez Town Center, etc.*, Civil Núm. IDP2000-0029, y *Ana García, etc. v. Tiendas Walmart, etc.*, Civil Núm. DDP1999-0386.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*


Leida Pagán Torres                     CP-2013-0016




SENTENCIA


San Juan, Puerto Rico, a 15 de marzo de 2016


Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, se suspende por el término de seis (6) meses a la licenciada Pagán Torres del ejercicio de la abogacía y la notaría. Se le impone el deber de notificar a todos sus clientes de su inhabilidad para seguir representándolos, devolverles cualquier honorario recibido por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del País. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta opinión *Per Curiam* y Sentencia.


Finalmente, el alguacil de este Tribunal deberá incautar la obra y el sello notarial de la abogada suspendida y entregarlos al Director de la Oficina de Inspección de Notaría para la correspondiente investigación e informe.


Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo